1  LAWRENCE G. BROWN
   Acting United States Attorney
2  MATTHEW D. SEGAL
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2708

**FILED**

JUL 30 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-cr-0325 FCD |
| Plaintiff, | |
| v. | VIOLATIONS: 18 U.S.C. § 371 - Conspiracy; 18 U.S.C. § 1344(2) - Bank Fraud |
| NIESHA NICOLE JACKSON, aka Nikki, and DONALD TAYLOR, aka Wooch, aka Woochie, | |
| Defendants. | |

**I N D I C T M E N T**

COUNT ONE: [18 U.S.C. § 371 - Conspiracy]

The Grand Jury charges:

NIESHA NICOLE JACKSON,
aka Nikki, and
DONALD TAYLOR,
aka Wooch, aka Woochie,

defendants herein, as follows:

THE CONSPIRACY

1. From in or about July 2006, and continuing until at least in or about February 2008, in the Eastern District of California and

1

1  elsewhere, the defendants, NIESHA NICOLE JACKSON, aka Nikki, and
2  DONALD TAYLOR, aka Wooch, aka Woochie, together and with others
3  known and unknown to the Grand Jury, did unlawfully, willfully, and
4  knowingly combine, conspire, confederate and agree among themselves
5  and each other to commit certain offenses against the United States
6  to wit:

7      a.   to knowingly execute and attempt to execute a scheme and
8  artifice to obtain moneys, funds, credits, and assets under the
9  custody and control of federally insured financial institutions, by
10 means of materially false and fraudulent pretenses by
11 misrepresenting the amount of money available for withdrawal on
12 debit cards and thereby causing the financial institutions to
13 disburse funds deposited at said financial institutions in excess of
14 the money available for withdrawal on said debit cards, in violation
15 of Title 18, United States Code, Section 1344, and

16     b.   to transport, transmit, and transfer in interstate
17 commerce between other states and the State and Eastern District of
18 California, money of a value aggregating at least $5,000, knowing
19 the same to have been taken by fraud.

20 <center>MANNER AND MEANS</center>
21 2.   In furtherance of the aforesaid conspiracy, the following
22 manner and means were used:

23     a.   Defendant NIESHA NICOLE JACKSON, "middle men" such as
24 defendant DONALD TAYLOR, and others known and unknown to the Grand
25 Jury recruited runners to conduct the scheme.

26     b.   Travel was arranged for runners to fly out of state to
27 carry out the scheme.

28     c.   Various card issuers were caused to issue to various

account holders pre-paid credit cards bearing the logo either of Visa or MasterCard. Each such pre-paid credit card was actually a debit card, in that the card holder was required to deposit money with the card company and that money would be drawn down as the card was used to make purchases or draw out money.

    d.  The cards were "loaded" with small amounts of money but were used to withdraw as much as $9,500 through fraudulent "cash advance" transactions as described herein.

    e.  Runners with debit cards were directed to go into financial institution branches at locations around the United States.

    f.  Before entering a branch, runners were directed to telephone co-conspirators to inform them that they were about to enter a bank branch for purposes of carrying out the scheme.

    g.  Once in the bank branch, each runner would present his or her debit card for purposes of obtaining cash and instruct a bank teller to call a toll-free number, supposedly to contact a representative of the debit card issuer, in order to facilitate the transaction.

    h.  Defendant NIESHA NICOLE JACKSON or a co-conspirator would answer the telephone and misrepresent himself or herself as a card services representative of the runner's debit card issuer. Defendant NIESHA NICOLE JACKSON would mislead bank employees into believing that the debit card had funds available for a currency transaction in excess of the amount loaded on the card.

    i.  Defendant NIESHA NICOLE JACKSON or a co-conspirator would then instruct the teller regarding what buttons to push on the card terminal, and that series of buttons would allow a transaction to go

1 through even if the debit card account did not have sufficient funds
2 in it.  The financial institution would then give the runner
3 currency from funds on deposit at the financial institution.

4    j.   The runner would then keep a portion of the funds for his
5 or herself, and would remit a portion of the fraudulently obtained
6 funds, typically half, to persons (including defendant NIESHA NICOLE
7 JACKSON) who were managing, supervising, organizing, and leading the
8 scheme from the Sacramento area.  This would be accomplished, across
9 state lines, by personal delivery, Federal Express, wire transfer,
10 or the deposit of funds into a bank account controlled by defendant
11 NIESHA NICOLE JACKSON or others known to the Grand Jury.

12    k.   "Middle men" such as defendant DONALD TAYLOR would receive
13 a portion of the proceeds obtained by their runners.

14    l.   Defendant NIESHA NICOLE JACKSON or others in the
15 Sacramento area known to the Grand Jury would then receive their
16 portion of the funds by withdrawing the funds and making point-of-
17 sale transactions in the Eastern District of California.

18    m.   Defendant NIESHA NICOLE JACKSON instructed others in how
19 to impersonate a card issuer's service representative and thereby
20 execute the scheme with a separate "crew."

21    n.   Different crews would check with defendant NIESHA NICOLE
22 JACKSON so that their runners would not operate in the same geographical
23 areas around the same times.

24    o.   Different crews trained by defendant NIESHA NICOLE JACKSON
25 would continue to give defendant NIESHA NICOLE JACKSON a share of
26 the proceeds of their fraud.

27                               OVERT ACTS
28 3.   In furtherance of the conspiracy and to effect the objects

4

thereof, the defendants committed the following acts in the Eastern District of California and elsewhere:

   a.   On or about July 14, 2006, the scheme was executed and a runner received $6,500 from a Santa Fe, New Mexico branch of Wells Fargo Bank.

   b.   On or about October 13, 2006, the scheme was executed and a runner received $7,000 from a Little Rock, Arkansas branch of the Bank of America.

   c.   On or about November 18, 2006, the scheme was executed and a runner received $7,200 from a Mesa, Arizona branch of the Bank of America.

   d.   On or about March 17, 2007, the scheme was executed and a runner received $9,000 from a Tucson, Arizona branch of U.S. Bank.

   e.   On or about June 9, 2007, the scheme was executed and a runner received $9,500 from a Janesville, Wisconsin branch of MidAmerica Bank.

   f.   On or about September 7, 2007, the scheme was executed and a runner received $9,000 from a Bozeman, Montana branch of Rocky Mountain Bank.

   g.   On or about January 26, 2008, the scheme was executed and a runner received $13,000 from a Fairhope, Alabama branch of Regionsbank.

   h.   On or about February 7, 2008, the scheme was executed and a runner received $12,000 from an Albuquerque, New Mexico branch of Wells Fargo Bank.

   i.   The total amount of money obtained through execution of the scheme exceeded $1 million.

   All in violation of Title 18, United States Code, Section 371.

COUNT TWO:     [18 U.S.C. § 1344(2) - Bank Fraud]

The Grand Jury further charges:

NIESHA NICOLE JACKSON,
aka Nikki, and
DONALD TAYLOR,
aka Wooch, aka Woochie,

defendants herein, as follows:

4.  At all times material herein,

    a.  Defendants NIESHA NICOLE JACKSON and DONALD TAYLOR were individuals living in Sacramento, California.

    b.  Rush Card, Greendot, and Netspend were businesses that issued debit cards bearing Mastercard or Visa logos.

    c.  The deposits of Bank of America, Wells Fargo, U.S. Bank, MidAmerica Bank, Rocky Mountain Bank, and Regionsbank were all insured by agencies of the United States Government.

### SCHEME TO DEFRAUD

5.  Beginning no later than in or about July 2006 and continuing at least until in or about February 2008, in the Eastern District of California and elsewhere, defendants NIESHA NICOLE JACKSON and DONALD TAYLOR, and others known and unknown to the Grand Jury did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, and assets under the custody and control of federally insured financial institutions, by means of materially false and fraudulent pretenses by misrepresenting the amount of money available for withdrawal on debit cards and thereby causing the financial institutions to disburse funds deposited at said financial institutions in excess of the money available for withdrawal on said debit cards.

///

## WAYS AND MEANS

6. In furtherance of the aforesaid scheme and artifice to defraud, the following ways and means were used:

Paragraphs 2(a)-(o) are incorporated as if fully set forth herein.

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

_____
LAWRENCE G. BROWN
Acting United States Attorney

No. _____

Case 2:09-cr-00325-FCD   Document 1    Filed 07/30/09   Page 8 of 9

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

---

### THE UNITED STATES OF AMERICA
*vs.*

NIESHA NICOLE JACKSON,
aka Nikki, and
DONALD TAYLOR,
aka Wooch, aka Woochie,

---

### I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 371 - Conspiracy;
18 U.S.C. § 1344(2) - Bank Fraud

---

A true bill,

_____/S/_____
                                    *Foreman.*

Filed in open court this \_\_\_\_\_30\_\_\_\_ day
of \_\_\_\_\_July\_\_\_\_, A.D. 20 09

_____
                                    *Clerk.*

---

Bail, $ _____

**NO BAIL WARRANT** *as to defendant Jackson*

**NO PROCESS NECESSARY** *as to defendant Taylor*

GPO 863 525

## PENALTY SLIP

DEFENDANTS: **NIESHA NICOLE JACKSON, aka Nikki**
**DONALD TAYLOR, aka Wooch, aka Woochie**

COUNT ONE
VIOLATION: 18 U.S.C. § 371 - Conspiracy
PENALTY: Not more than $250,000 fine, or
Not more than 5 years imprisonment, or both
Not more than 3 years of supervised release

COUNT TWO
VIOLATION: 18 U.S.C. § 1344(2) - Bank Fraud
PENALTY: Not more than $1,000,000 fine, or
Not more than 30 years imprisonment, or both
Not more than 5 years of supervised release

PENALTY
ASSESSMENT: $100.00 special assessment (each count)