UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-cr-00325-KJM |
| Plaintiff, | |
| v. | ORDER |
| DONALD TAYLOR, | |
| Defendant. | |

      Defendant Donald Taylor has requested that the court recommend to the federal Bureau of Prisons (BOP) his release to a residential reentry center (RRC) twelve months in advance of the end of his sentence of incarceration, instead of the release six months in advance he currently anticipates. The court heard argument on the request on December 18, 2013. Tim Zindel, Assistant Federal Defender, appeared for Mr. Taylor who was not present due to his incarceration. Matt Segal, Assistant U.S. Attorney, appeared for the government. At hearing, defense counsel clarified that Mr. Taylor seeks a letter from the court, rather than an amended judgment and commitment. He also clarified that Mr. Taylor has made the same request internally to the BOP, and been denied. Mr. Taylor's projected release date is February 27, 2015.

      As a threshold matter, the court is not persuaded by the government's argument that the court lacks jurisdiction to make the requested recommendation as to Mr. Taylor's pre-release placement. A district court's recommendation to the BOP on an inmate's housing

1

designation is not part of that inmate's sentence.  *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 2705 (2012).  Therefore, the court need not satisfy Federal Rules of Criminal Procedure 34 and 35, nor pay heed to these Rules' jurisdictional deadlines, in considering defendant's request.  *Id.*

If the court makes a recommendation on an inmate's pre-release placement, BOP is authorized to consider it.  18 U.S.C. § 3621(b)(4)(B).  Under the Second Chance Act of 2007, BOP may designate an inmate to an RRC, a form of community confinement, for up to twelve of an inmate's final months as a condition of "pre-release custody and programming."  28 C.F.R. § 570.21; *English v. Ives*, No. 2:11-CV-0010 EFB P, 2012 WL 4038495, at *3 (E.D. Cal. Sept. 12, 2012).  In response to the 2007 Act, BOP issued a memorandum to prison CEOs directing that each inmate must be "individually considered for pre-release RRC placement" using the criteria contained in 18 U.S.C. § 3621(b).  *See Thang Quoc Vo v. Rios*, No. 1:12-CV-00722-JLT, 2012 WL 3288206, at *2 (E.D. Cal. Aug. 10, 2012).[1]  The memorandum provided that BOP must review inmates for pre-release placement seventeen to nineteen months before their projected release date.  *Id.*  Assuming without deciding that the memorandum is consistent with current BOP policy, Mr. Taylor is within this time frame for pre-release placement review.

At the same time, the government is correct that the court typically makes any recommendations it has regarding placement at the time of sentencing, with the defendant and counsel before it, and with the benefit of information contained in a presentence investigation report and any briefing and evidence provided by the parties.  Here, the court has no reason to doubt defense counsel's representations regarding Mr. Taylor's need to develop a new residential living plan in light of BOP's disapproval of his original proposal, or Mr. Taylor's job readiness and desire to begin work as soon as possible to facilitate paying for an acceptable residence and other expenses.  That said, the court has not been provided the reasons for BOP's reported denial of defendant's administrative request for earlier release to an RRC.  And the court declines to seek that information before resolving Mr. Taylor's request here, ere venturing down the road

---

[1] While *Thang Quoc Vo* discusses BOP's rescission of 28 C.F.R. §§ 570.20 and 570.21 following passage of the Second Chance Act, the discussion refers to those regulatory provisions as they existed at the time. The provisions have since been amended to conform to the Act.

1  toward micromanagement of an essentially executive function.  Mr. Taylor's request does remind
2  the court of the deplorable absence of an RRC within reach of the Sacramento courthouse,
3  meaning that whenever Mr. Taylor is released to an RRC he will not have the benefit of
4  confinement in the community to which he ultimately will be released.  But that absence is not
5  properly considered or addressed in this forum in light of the nature of the pending request, if at
6  all.
7          For the foregoing reasons, Mr. Taylor's request is denied.
8  Dated:  December 24, 2013.

_____
UNITED STATES DISTRICT JUDGE